```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
IN RE: GRAND JURY                                    ORDER
SUBPOENA TO GOOGLE, LLC.                             20-MC-1327 (JO)
----------------------------------------------------------------------X
```

James Orenstein, Magistrate Judge:

In a sealed application filed on June 12, 2020 (the "Application"), the government sought an order directing Google, LLC ("Google") not to notify any person of the existence of a subpoena for a broad array of its records for a period of one year. The government asserted that the requested order was required because "notification of the existence of the attached subpoena will seriously jeopardize the investigation, including by giving subjects an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior or intimidate potential witnesses." Application at 2.[1]

Later the same day, I entered an order explaining why I required additional information to rule on the application. *See* Addendum (copy of order dated June 12, 2020). Briefly stated, the Application did not adequately explain the likelihood of investigative harm that would result from premature disclosure of the subpoena, the proposed duration of the requested nondisclosure period, the basis for imposing a secrecy requirement on a grand jury witness in violation of Federal Rule of Criminal Procedure 6(e)(2)(A), and whether a court may properly prevent a company like Google

---

[1] The Application does not yet appear on the docket. Pursuant to my order dated June 12, 2020, I respectfully direct the Clerk to promptly file the original Application under seal. As discussed below, the government now takes the position that disclosure of the subpoena will not result in any investigative harm. I nevertheless invite the government to submit by June 26, 2020, a proposed redaction of the Application to file on the public docket. Because it is apparent that identifying the subpoena's recipient will cause no investigative harm (because the government is willing to have the recipient identify itself to the investigative target by disclosing the subpoena), I respectfully direct the Clerk to restore the caption to its original form as set forth above.

from informing a customer of the existence of a subpoena that violates the customer's rights under the Fourth Amendment if doing so will effectively foreclose the customer from vindicating those rights later. In addition to allowing the government an opportunity to supplement its Application to address those matters, I also afforded Google an opportunity to be heard on the extent to which it could lawfully be required to obey a secrecy order notwithstanding the prohibition of such obligations in Rule 6(e). *See* Docket Entry ("DE") 2 (sealed original order); DE 3 (public redacted version).

On June 16, 2020, the government submitted a letter withdrawing the Application. As the government explained:

> Following the submission of the application on [the morning of June 12, 2020], additional facts in the investigation developed that have led the government to conclude that a non-disclosure order is no longer required, and the government has no objection to the recipient of the grand jury subpoena notifying the customer or subscriber of the government's subpoena.

DE 4.

I grant the government's request to withdraw its request for a nondisclosure order. As a result, I will not expect either the government or Google to make any further submissions, and respectfully direct the Clerk to close this matter. Also as a result, I currently have no need to inquire into the circumstances that prompted the government to assure me that the order it sought was needed to prevent grievous harm only to say the opposite when asked to explain how it came to that conclusion.

While Google no longer has any occasion to litigate the government's effort to impose a secrecy obligation that Congress and the Supreme Court have made unavailable under Rule 6, it must still respond to the underlying subpoena, either by complying in full with its demands or by moving to modify or quash it.

2

The absence of a nondisclosure order likewise does nothing to constrain Google's choice as to whether to disclose the existence of the subpoena to some or all of the potentially large number of users whose account records the government seeks. To be sure, Google's customers may have no effective remedy for any violation of their Fourth Amendment rights in the event Google provides no disclosure before complying with the subpoena, as the government's good faith reliance on the provisions of the Stored Communication Act will likely preclude suppression of evidence that should have been available only upon issuance of a warrant. *See, e.g.*, *United States v. Carpenter*, 926 F.3d 313 (6th Cir.), *on reh'g*, 788 F. App'x 364 (6th Cir. 2019). But that does not create any legal obligation for Google to do anything to protect its users' interests. As a practical matter Google – like many service providers receiving potentially unlawful subpoenas for customer account records under the Stored Communications Act – can now effectively define the extent to which its users have meaningful rights under the Fourth Amendment. This order does not require Google to make any particular decision about how to exercise that power.

SO ORDERED.

Dated: Brooklyn, New York
June 19, 2020

                                                                            /s/
                                                     James Orenstein
                                                     U.S. Magistrate Judge

ADDENDUM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
IN RE: GRAND JURY                                          ORDER
SUBPOENA TO GOOGLE, LLC.                                   20-MC-1327 (JO)
------------------------------------------------------------------------X

James Orenstein, Magistrate Judge:

In a sealed application filed on June 12, 2020, the government seeks an order directing the company named in the caption (the "Company") not to notify any person of the existence of a subpoena for the Company's records (a copy of which is attached to the application) for a period of one year. *See* Application at 1. As explained below, I will rule on the application after receiving certain supplemental filings.

I.   Background

The Company "is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2)." *Id.* As the government correctly observes, a federal court has authority under the Stored Communications Act, 18 U.S.C. § 2701, *et seq.* (the "SCA") to compel such an entity "to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* (quoting 18 U.S.C. § 2705(b)). The government seeks to apply that authority here, because it has "obtained" the subpoena at issue, "which requires [the Company] to disclose certain records and information to the United States." *Id.*[2]

---

[2] In asserting it "obtained" the grand jury subpoena, the government indulges the legal fiction that a grand jury issued it. I do so as well, notwithstanding the increased credulity such an assumption requires in circumstances where no grand jury was able to convene for months as a result of the COVID-19 pandemic. See Administrative Order No. 2020-15-1, available at https://img.nyed.uscourts.gov/files/general-ordes/Admin%20Order%202020-15-1.pdf (last accessed June 12, 2020) (E.D.N.Y. May 21, 2020) (noting the inability to muster a quorum for any

II.   Discussion

    A.   Sufficiency of the Application

        1.   The Possibility of Harm to the Investigation

The government offers the following explanation of the need for nondisclosure:

> In this case, such an order would be appropriate because the attached subpoena relates to an ongoing criminal investigation that is neither public nor known to the subjects of the investigation, and there is reason to believe that its disclosure will alert the subjects to the ongoing investigation. Specifically, the account listed in the subpoena is believed to be used by an individual who is the target of the investigation, who is at large, and who does not yet know of the investigation. Accordingly, there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation, including by giving subjects an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior or intimidate potential witnesses. See 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically and can be completely and permanently erased. Some of the evidence in this investigation involves communications that can be transferred to alternate platforms (including encrypted platforms and platforms beyond the jurisdictional reach of U.S. legal process). If alerted to the existence of the subpoena, there is reason to believe that the subjects under investigation will destroy that evidence and change their patterns of behavior.

Application at 2.

The government rests entirely on the unstated assumption that alerting the target of any investigation to the investigation's existence "will" lead to the kind of obstructive behavior against which the SCA's nondisclosure provision guards. The government offers no particularized information about the instant investigation, its target, or the target's motivations or capacity for

---

grand jury in the district through at least June 5, 2020). As far as I am aware, there remain extant in this district duly empaneled grand juries whose terms have not expired during the pendency of local orders that suspended their meetings. I acknowledge, however, that there is a limit to which the government can rely on the theory that the subpoenas it drafts and serves are enforceable because they are creatures of the grand jury. *See In re Grand Jury Proceeding*, ___ F.3d ___, 2020 WL 2892867, at *6 (2d Cir. June 3, 2020) (holding that subpoena recipient had no obligation to comply with a subpoena issued by expired grand jury; "the government is not authorized to stand in the shoes of the grand jury. To hold otherwise would effectively … reduce the grand jury to a quaint fiction.").

2

obstructive behavior. However, the government's assumption that an investigative target "will" obstruct an investigation upon learning about it is unsupportable, not only as a matter of logic, but also to the extent that it is inconsistent with the government's own conduct. Specifically, it is the explicit policy of the United States Department of Justice that

> When a target is not called to testify … and does not request to testify on his or her own motion …, the prosecutor, in appropriate cases, is encouraged to notify such person a reasonable time before seeking an indictment in order to afford him or her an opportunity to testify before the grand jury, subject to [certain specified conditions]. *Notification would not be appropriate* in routine clear cases or *when such action might jeopardize the investigation or prosecution because of the likelihood of flight, destruction or fabrication of evidence, endangerment of other witnesses*, undue delay or otherwise would be inconsistent with the ends of justice.

U.S. Dept. of Justice, Justice Manual, § 9-11.153, available at https://www.justice.gov/jm/jm-9-11000-grand-jury#9-11.153 (last accessed on June 12, 2020) (emphasis added). As the government's stated policy makes clear, there are of course some cases where disclosure of an investigation to a target will court harm – and there are some where it will not. Accordingly, the bare representation that the target of the instant investigation is unaware of its existence does not support a finding that the investigation will suffer harm in the absence of a non-disclosure order. *See also In re Grand Jury Subpoena to [Redacted,] Inc.*, 2018 WL 718383, at *3 (E.D.N.Y. Feb. 5, 2018). I therefore afford the government an opportunity to supplement the record to support the finding required under the SCA.

        2.     The Duration of the Proposed Order

As I have previously had occasion to observe, the government seeks to impose a nondisclosure obligation on the Company for a period of a full year without offering any explanation for that proposed duration. I reproduce here the concern that I explained in that earlier decision.

3

> Until very recently, when the government sought non-disclosure orders under the SCA, it would typically avoid placing any temporal limit on the scope of the proposed order—thus effectively imposing a permanent gag on the subpoena recipient where the request was granted. *See* [*In re Grand Jury Subpoena to*] *Facebook*, 2016 WL 9274455 [(E.D.N.Y. May 12, 2016)] (quoting application's request for an order requiring nondisclosure "until further order of the Court"). The instant Application, however, seeks to compel non-disclosure "for a period of one year from the date of the proposed Order." Application at 1. That change appears to reflect a new policy that, "[b]arring exceptional circumstances, [such] applications may only seek to delay notice for one year or less." Memorandum for Heads of Department Law Enforcement Components, et al., from Rod J. Rosenstein, Deputy Attorney Gen., "Policy Regarding Applications for Protective Orders Pursuant to 18 U.S.C. § 2705(b)" at 2 (U.S. Dept. of Justice, Oct. 19, 2017) (available at https://www.justice.gov/criminal-ccips/page/file/1005791/download) (the "Rosenstein Memo").
>
> As the Rosenstein Memo acknowledges, "judges may direct shorter or longer periods for [non-disclosure] order, consistent with the language of § 2705(b)." *Id.* at 3. But while the government plainly understands that determining the duration of non-disclosure is a discretionary matter for the court, it provides no reason for seeking the maximum duration consistent with its new policy. Thus, for example, I have no information as to the anticipated length of the remainder of the investigation to which the subpoena pertains, or whether the government anticipates that any events other than the arrest or trial of any remaining targets will obviate the need for continued secrecy. In addition to hobbling the court's ability to reach a reasoned decision, that lack of information seems inconsistent with the government's own policy. As the Rosenstein Memo makes clear, "[i]n applying for a § 2705(b) order, prosecutors should tailor the application to include the available facts of the specific case and/or concerns attendant to the particular type of investigation." *Id.* at 2.

*In re Grand Jury Subpoena to Google Inc.*, 2017 WL 4862780, at *3 (E.D.N.Y. Oct. 26, 2017).

I therefore invite the government to make a supplemental submission that explains why the proposed nondisclosure should last for a year rather than some shorter period that imposes less of a constraint on the Company's otherwise protected right to share information.

      B.      <u>The Bar on Requiring Grand Jury Witnesses to Maintain Secrecy</u>

As I have explained in more detail elsewhere, imposing a requirement of secrecy on the recipient of a grand jury subpoena – as opposed to the recipients of warrants or court orders whom the same provision of the SCA also covers – may be incompatible with Federal Rule of Criminal

4

Procedure 6(e)(2). *See In re Grand Jury Subpoena to Google Inc.*, 2017 WL 4862780, at *3 (E.D.N.Y. Oct. 26, 2017); *In re Grand Jury Subpoena to Facebook*, 2016 WL 9274455, at *6 (E.D.N.Y. May 12, 2016); *but see In re Application of the U.S. For an Order Pursuant To 18 U.S.C. § 2705(b)*, 131 F. Supp. 3d 1266, 1276 (D. Utah 2015); *In re Application of U.S. for an Order Pursuant to 18 U.S.C. § 2705(b)*, 866 F. Supp. 2d 1172, 1173 (C.D. Cal. 2011). The Company should have an opportunity to heard on the matter – both as to whether it consents to the instant request for relief and, if it does not, as to whether the proscription of secrecy requirements in Rule 6, the First Amendment, or any other authority trumps the government's reliance on the relevant provision of the SCA. *See In re Application of the United States of Am. for Nondisclosure Order Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena #GJ2014032122836*, 2014 WL 1775601, at *1-3 (D.D.C. Mar. 31, 2014), *rev'd*, 41 F. Supp. 3d 1, 6 (D.D.C. 2014).[3]

    C.    The Lawfulness of the Subpoena

In previous cases in which I have questioned or denied applications for nondisclosure orders, my concerns have been limited to the types discussed above. The current application raises a further concern that potentially implicates the intersection of the SCA with the Fourth Amendment.

---

[3] In reversing the magistrate judge's ruling that a service provider was entitled to be heard in advance of the issuance of a non-disclosure order, the district court observed that the SCA allows the service provider to seek to quash or modify such an order after it has been issued "'if the information or records requested are unusually voluminous in nature or compliance with such order otherwise would cause an undue burden on such provider.'" *Id.* (quoting 18 U.S.C. § 2705(d)). The court therefore concluded that "there is no statutory basis … for an order inviting [the service provider] to intervene to be heard on the merits of the government's application." *Id.* I respectfully disagree. To be sure, the SCA does afford a service provider the opportunity to object that complying with an order is unduly burdensome, but it is silent with respect to whether the provider may ever object to the legality of a non-disclosure order. Moreover, regardless of whether the Company objects, I have an independent obligation to avoid issuing an order that violates controlling law. Nothing in the SCA prevents a court from satisfying itself that issuing the type of order the government seeks would not be incompatible with other dispositive authority.

5

The subpoena at issue commands the Company to produce all records "pertaining to the subscribers associated with" a certain account. Application at 9 (rider to subpoena).[4] The nature of the Company's services renders that directive very broad and may well constitute an unreasonable search for purposes of the Fourth Amendment. In particular, by virtue of the fact that the Company normally collects location information when users access many of its services from mobile devices, *see* https://support.google.com/accounts/answer/3118687?hl=en (last accessed June 12, 2020), the subpoena would allow the government to collect, without securing a warrant, all historical location tracking records for the user or subscriber of the subject account as well such records for the users or subscribers of all "linked" accounts for the entire period in which each such account has existed. The warrantless seizure of such a broad category of an individual's historical location records appears to be inconsistent with the Fourth Amendment. *See Carpenter v. United States*, 138 S. Ct. 2206 (2018). The question thus becomes whether, under the SCA, the court must order an entity to maintain the secrecy of a subpoena that is itself unlawful or if instead the subpoena's invalidity vitiates the government's right to secure such an order.

That question is not necessarily one that this court must resolve. I recognize that disclosing even an unlawful subpoena could in some circumstances endanger an otherwise legitimate criminal investigation, and that the interest of secrecy would therefore exist independent of the subpoena's validity (although as noted above, the record does not yet permit a determination as to whether such circumstances exist in this case). However, that interest is in tension with the fact that if the

---

[4] The directive to disclose records "pertaining to subscribers associated with" an account may exceed the permissible scope of a subpoena under the SCA. The statute allows the government to require the Company to "disclose a record or other information pertaining to a subscriber to or customer of such service." 18 U.S.C. § 2703(c)(1). To the extent a subscriber is "associated with" the target account but not the account's subscriber or customer, the subpoena would appear to demand disclosures the applicable statute does not authorize.

Company both complies with a subpoena that violates the target's Fourth Amendment rights and keeps the subpoena's existence secret, it will place the target in a position in which he or she will suffer an irremediable constitutional harm. *See, e.g., United States v. Carpenter*, 926 F.3d 313 (6th Cir.), *on reh'g*, 788 F. App'x 364 (6th Cir. 2019) (on remand from the Supreme Court, affirming the district court's denial of suppression of location tracking records, notwithstanding the violation of the Fourth Amendment, because the agents relied in good faith on the SCA when they obtained the data).[5] I therefore acknowledge the possibility that a nondisclosure order should not issue if it will result in a violation of a suspect's rights that cannot effectively be remedied later. Accordingly, I respectfully direct the government, in its supplemental submission, to provide argument and any available authority on the question of whether the court's obligation to order nondisclosure under the SCA depends to any extent on the legality of the underlying warrant, subpoena, or court order.

III. Conclusion

For the reasons set forth above, I respectfully offer the government and the recipient of the underlying an opportunity to submit further briefing on the pending motion. I further respectfully direct the government to provide a copy of its Application (with the information identifying the investigative target redacted) and of this order to the subpoena recipient so that the parties can confer and submit a proposed scheduled for such submissions.

---

[5] On rehearing, the circuit court in *Carpenter* vacated the defendant's conviction and remanded for resentencing on other grounds but explicitly reaffirmed the ruling that the agents' good faith reliance on the SCA precluded a remedy for the violation of Carpenter's Fourth Amendment rights. 788 F. App'x at 365.

7

SO ORDERED.

Dated: Brooklyn, New York
June 19, 2020

                                                  /s/
                                     James Orenstein
                                     U.S. Magistrate Judge